2013 OK 94

### STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### Darick Chaka. MORTON, Respondent.

### No. SCBD–6053.

Supreme Court of Oklahoma.

Nov. 4, 2013.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Darick Chaka

---

Morton pending disciplinary proceedings, this Court finds:

1.  On October 9, 2013, Morton submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2.  Morton's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3.  Morton states the following in his affidavit of resignation:

    I am aware that the following five count disciplinary Complaint has been filed against me with the Supreme Court of the State of Oklahoma: *State of Oklahoma ex rel. Oklahoma Bar Association v. Darick Chaka Morton*[,] SCBD 6053, OBAD 1970.

4.  Morton is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2011), and his oath as an attorney. He waives any and all right to contest the allegations.

5.  Morton's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app. 1–A (2011), and it should be approved.

6.  Morton acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and he will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7.  Morton acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Morton agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8.  Morton acknowledges that the Oklahoma Bar Association has incurred costs in the amount of $552.92 for the investigation of this matter.

9.  The official roster address of Morton as shown by the Oklahoma Bar Association records is Darick Chaka Morton, OBA #22907, 8607 E. 98th Street, Tulsa, Oklahoma 74133.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Darick Chaka Morton be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Morton may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Morton shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be a condition of reinstatement, as well as repayment of the $552.92 in costs owed to the Oklahoma Bar Association.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this *4th* day of November, 2013.

ALL JUSTICES CONCUR.